UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04CR 10039 PBS |
| ) | |
| v. ) | VIOLATION: |
| ) | |
| WENDY C. DINKINS ) | 18 U.S.C. § 1341 (Mail Fraud) |
| ) | |

## INDICTMENT

The Grand Jury Charges:

### INTRODUCTION

At times material to this indictment:

1. Defendant WENDY C. DINKINS was an individual living at 14 Holman Street, Attleboro, Massachusetts.

2. DINKINS worked in the customer service department at EquiServe, Inc., in Canton, Massachusetts. EquiServe, a stock transfer company, had two kinds of clients – publicly traded corporations and individual shareholders. The corporations hired EquiServe to perform electronic transfers of their stock, so the corporation and its shareholders could trade stock without the inconvenient and costly task of redeeming paper stock certificates. Individual shareholders could have accounts with EquiServe, in which they could buy or sell shares if they instructed EquiServe, either by phone or mail, to do so. Account holders would pay EquiServe a nominal fee for each transaction.

Unlike a traditional stock broker, however, EquiServe did not provide shareholders with investment advice.

3.  As an EquiServe customer service representative, DINKINS'S responsibilities included answering the telephone, helping customers with their accounts, and, if the customer requested, changing the customer's address on the EquiServe computer system.

4.  Between approximately May, 2000, and April, 2001, DINKINS devised and executed a scheme to defraud a series of EquiServe customers out of more than $130,000. She began by changing the customers' mailing addresses to her own. Then, posing as the customer, DINKINS sent EquiServe fraudulent written requests to sell the customer's shares. After it complied with these requests, EquiServe automatically sent the proceeds, in the form of a check, to the address it had for the customers – DINKINS'S address. DINKINS then forged the customers' signature on these checks and deposited them into her personal bank account. To reduce the chance that her bank would refuse the checks, DINKINS chose as victims EquiServe customers whose names were close to that of her husband, B. Charles Price, and her son, Charles Price, one of whom was a joint account holder on her bank account.

## THE SCHEME TO DEFRAUD

5.  On approximately May 30, 2000, without authorization from the customer, DINKINS fraudulently changed EquiServe's listed address for Charley D. Price from his actual address in Minnesota to DINKINS'S address, 14 Holman St., Attleboro, Massachusetts.

6.  Over the next four months, DINKINS fraudulently executed five separate orders to EquiServe, each time instructing the company to sell shares from Charley Price's account. After each sale, EquiServe directed OTS, a Westwood, MA company with which it contracted, to send a check for the proceeds to Charley Price, at DINKINS'S address. She then forged his signature on each check and deposited them into the account she shared with Charles Price, at University Credit Union, in Boston. In total, DINKINS stole approximately $48,119 from Charley Price's account.

7.  On approximately December 14, 2000, DINKINS fraudulently altered EquiServe's listing for customer Cecil Pray so it would reflect her 14 Holman St., Attleboro address rather than his actual address in Texas. She then fraudulently issued four orders to EquiServe, in Pray's name, instructing the company to sell shares in his account until the account was empty. EquiServe sent the proceeds of each sale, via OTS, to DINKINS'S address. DINKINS deposited the bulk of the approximately $43,000 she stole from Pray into her University Credit Union account.

3

8. On approximately January 10, 2001, DINKINS fraudulently altered EquiServe's listing for customer Lois Price so that it would reflect DINKINS'S 14 Holman St., Attleboro address rather than the customer's actual address in Connecticut. Then, on approximately January 29, 2001, DINKINS, posing as Lois Price, wrote a letter to EquiServe, instructing the company to sell all of Lois Price's shares and to close the account. When EquiServe, through OTS, sent a check for $13,797 to Lois Price at 14 Holman St., Attleboro, DINKINS forged Lois Price's signature and deposited the check into her University Credit Union account.

9. On approximately February 2, 2001, DINKINS fraudulently altered EquiServe's listing for customer Carrie Price so that it would reflect DINKINS'S 14 Holman St., Attleboro address rather than the customer's actual address in Florida. Within approximately two weeks, DINKINS had instructed EquiServe to sell all shares in Carrie Price's account. EquiServe complied and directed OTS to send the proceeds to 14 Holman Street. DINKINS then forged Carrie Price's signature and deposited the $14,254 check into the University Credit Union account.

10. On approximately February 2, 2001, DINKINS fraudulently altered EquiServe's listing for customer Hilleary Price so that it would reflect DINKINS'S 14 Holman St., Attleboro address rather than the customer's actual address in Florida. On approximately March 30, 2001, DINKINS fraudulently instructed EquiServe to sell all shares in this account. When EquiServe complied and directed OTS to send the proceeds

to 14 Holman Street, DINKINS forged the customer's signature on the check and deposited the $13,926 into her University Credit Union account.

11.  DINKINS took a significant portion of the approximately $130,000 she stole from EquiServe customers as cash withdrawals from her bank account. She used the rest for personal expenses like credit card and cell phone bills.

### COUNTS ONE - ELEVEN
(Mail Fraud)
18 U.S.C. § 1341

12.  The Grand Jury realleges and incorporates by reference paragraphs 1-11 of this indictment, and further charges that:

On or about the dates set forth below, in the District of Massachusetts, and elsewhere, defendant,

### WENDY C. DINKINS

having devised and intending to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing and attempting to do so, deposited, and caused to be deposited, matter and things to be sent and delivered by the Postal Service or by a private or commercial interstate carrier, for the purpose of executing such scheme, as follows:

| COUNT | DATE | MAILING/DELIVERY |
|---|---|---|
| 1 | 7/24/00 | Letter in the name of Charley Price, to EquiServe, in Massachusetts, requesting the sale of 250 shares from his Compaq account |
| 2 | 7/31/00 | $7,175 check to Charley Price, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |
| 3 | 9/29/00 | $10,325 check to Charley Price, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |
| 4 | 1/29/01 | Letter in the name of Lois Price to FPL Group, at EquiServe, in Massachusetts, requesting the sale of all shares in the account |

| 5 | 2/09/01 | $13,797 check to Lois Ann Price, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |
|---|---|---|
| 6 | 2/16/01 | Cash Investment and Other Transaction Form in the name of Carrie Price to EquiServe, requesting the sale of all shares in the account |
| 7 | 2/26/01 | $14,254 check to Carrie Price, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |
| 8 | 3/13/01 | Cash Investment and Other Transaction Form in the name of Cecil Pray to EquiServe, in Massachusetts, requesting the sale of 450 shares in the account |
| 9 | 3/20/01 | $10,302 check to Cecil Pray, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |
| 10 | 3/30/01 | Cash Investment and Other Transaction Form in the name of Hilleary Price to EquiServe, in Massachusetts, requesting the sale of all shares in the account |
| 11 | 4/6/01 | $13,926 check to Hilleary Price, 14 Holman St., Attleboro, MA, from OTS, in Massachusetts (at EquiServe's direction) |

All in violation of 18 U.S.C. §§ 2 and 1341.

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                    February 11, 2004

Returned into the District Court by the Grand Jurors and filed.

                                                       _____
                                                      Deputy Clerk

3:46 P